524 So.2d 203 (1988)
Benjamin W. GOOD and Good Electrical Services, Inc.
v.
John T. FISK, d/b/a John W. Fisk Company, the Fisk Corporation and Philip E. Bultman, Jr.
No. CA-8541.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*204 John B. Wilkinson, Wilkinson & Wilkinson, New Orleans, for defendants-appellees.
Robert A. Caplan, Lewis & Caplan, New Orleans, for plaintiffs-appellants.
Before GARRISON, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiffs Benjamin W. Good and Good Electrical Services, Inc. ["Good, Inc."] from a summary judgment entered by the trial court in favor of defendants John T. Fisk d/b/a John W. Fisk Co. and The Fisk Corporation ["Fisk"] and its insuror.
On November 9, 1985, Good met with E. Philip Bultman, Jr., an independent insurance broker, in order to obtain worker's compensation insurance for Good, Inc. In his petition, Good claimed that Bultman informed him that coverage would be effective immediately. Bultman forwarded Good's application for insurance to Fisk, an independent broker with whom he had dealt many years. The application for insurance was received by Fisk on November 14. Because the application was incomplete, it was returned to Bultman on November 18. Additionally, the check written by Good for the insurance premium and submitted to Fisk with the application was insufficient, and was returned because payment of the full amount was required. No further action on the application was taken by Bultman until March 20, 1986, at which time Fisk received the completed application. Bultman testified in deposition that he had made repeated requests of Good during that time to supply the missing information. Good was injured on December 5, 1985. He did not make a claim, however, until May 29, 1986, when Fisk received a demand letter from Good's attorney. Coverage for the injury was denied because there was no insurance in place at the time of the accident. Good and Good, Inc. filed suit against Fisk and Bultman, alleging that they were both liable on the ground that either an agency relationship existed between them or that they were joint venturers, and that he should have been informed by either or both of them that the insurance had not been promptly obtained.
Fisk and its insurer filed a motion for summary judgment denying that an agency relationship existed between Fisk and Bultman and that they were not joint venturers. The trial court set the hearing on the motion for November 7, 1986. At plaintiff's request, the matter was continued without date pending further discovery. On March 11, counsel for plaintiff filed a motion to set the hearing. The court set the hearing for April 10, 1987. Counsel for defendants were served with notice of the hearing. Counsel for plaintiffs did not appear at the hearing and asserted that service of the notice of hearing was not made upon them. Summary judgment was granted without plaintiff's presence at the *205 hearing or introduction of opposing affidavits and memorandum. Thereafter, plaintiff's counsel filed a motion for a new trial along with the documents opposing the motion for summary judgment. Argument was subsequently held on the motion for a new trial. The trial court thereafter affirmed the summary judgment and denied the motion for a new trial. It is from this decision that plaintiffs now appeal, asserting that the trial court should not have granted summary judgment because there existed a question of material fact as to the relationship between Fisk and Bultman and that the motion for a new trial should have been granted because plaintiff was not served properly with notice of the hearing on the motion for summary judgment. We need not consider whether notice of the hearing should have been served on plaintiff, because we find that summary judgment should not have been granted.
Summary judgment is rendered when, based on the pleadings, depositions, answers to interrogatories, admissions, and affidavits, there is no genuine issue as to material fact and that the mover's entitled to the judgment as a matter of law. La.C. Civ.Pr. art. 966(B). Any reasonable doubt should be resolved against the mover. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In this case, there is an issue of material fact: did an agency relationship between Bultman and Fisk exist? An agency relationship is created by the parties and may be expressed or implied. Martin Fuel Dist. v. Trans Gulf Fuel, Inc., 496 So.2d 473, 476 (La.App. 1st Cir. 1986). Actual authority exists when the principal, implicity or explicitly, grants authority to the agent. Id. Furthermore, an agent may have apparent authority. Apparent authority exists when a third party reasonably assumes because of the principal's actions that the agent has authority to act for the principal. In such instances, although the principal may not have granted any authority to the agent, he nevertheless is bound by the agent. Id. citing Jackson v. Wal Mart Properties, Inc., 452 So. 2d 409 (La.App. 3d Cir.1984); Thompson v. Great Midwest Fur Co., 395 So.2d 840 (La.App. 1st Cir.1981). An agency relationship may be created by the parties even though they do not intend to do so. Sales Purchase Corp. v. Puckett, 417 So.2d 137, 140 (La.App. 2d Cir.1982). Most importantly, the question of agency has been held to be basically a factual determination. Automotive Finance Co. v. Kesk, Inc., 200 So.2d 136, 139 (La.App. 4th Cir.1967).
The insurance application completed by Good contained Fisk's name, and Good was required to write his check directly to Fisk. Although a written agreement between Bultman and Fisk specifically denied the existence of an agency relationship, there is no evidence, however, that plaintiffs were aware of the agreement, and, as noted above, an agency relationship may be created despite the parties' intentions. Also, whether Fisk gave Bultman apparent authority to act in its behalf is a factual determination, in view of the application and check requirements.
As this court has stated previously:
We do not suggest that plaintiffs can or should prevail on the merits of the case. But a summary judgment is not to be used as a substitute trial on the merits. The court should not seek to determine whether it is likely the mover will prevail on the merits but rather whether there is an issue of material fact. Frye v. Texas Brine Corp., 425 So.2d 310 (La.App. 3d Cir.1982).
Oiler v. Sharp Electric Co., 451 So.2d 1235, 1237 (La.App. 4th Cir.1984).
For the foregoing reasons, the decision of the trial court is reversed and the case is remanded for trial.
REVERSED AND REMANDED.