559 So.2d 877 (1990)
Terry VERDUN
v.
STATE of Louisiana, Through the DEPARTMENT OF HEALTH & HUMAN RESOURCES, et al.
No. 89-CA-1513.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1990.
Gibson Tucker, Jr., and George B. Recile, New Orleans, for plaintiffs-appellants.
Hulse, Nelson & Wanek, Craig R. Nelson, Al M. Thompson, Jr., New Orleans, for State of Louisiana through Dept. of Health & Human Resources, defendants-appellees.
Adams & Reese, F. Lee Butler, Leslie A. Lanusse, Janis Van Meerveld, New Orleans, for The Board of Commissioners of the Orleans Levee Dist. and Nat. Union Fire Ins. Co. of Pittsburgh, Pa.
Before KLEES, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Terry and Linda Verdun appeal a partial summary judgment in a personal injury action, limiting recovery from the Board of Levee Commissioners of the Orleans Parish Levee District (Levee Board) and its insurer, the National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union) pursuant to Louisiana LSA-R.S. 9:2798.1. We reverse.
On or about July 18, 1985 Terry Verdun stepped into waters in Lake Pontchartrain adjacent to the Seabrook Bridge while he was retrailering his boat. Terry Verdun's skin was allegedly exposed to bacteria pollution in the Lake from which he suffered a serious infection, causing injury to his right leg.
*878 Terry Verdun sued the State of Louisiana through the Department of Health and Human Resources (DHHR), the City of New Orleans, the Levee Board, and Sentry Insurance Company (Sentry) claiming negligence and strict liability. Thereafter, Sentry was dismissed by the trial court's judgment granting its exception of no cause of action. Plaintiff, amended his petition to add National Union as an additional defendant and Linda Verdun later was made an additional plaintiff, as wife of Terry Verdun, claiming loss of consortium and aid, services and society of her husband. The trial court granted DHHR's exception of no cause of action finding R.S. 9:2798.1, and dismissing all allegations of negligence and strict liabillity but allowing plaintiff's time to amend their pleadings. Plaintiffs amended their petition, alleging that the DHHR's actions and omissions were malicious, intentional, willful, outrageous, reckless; and/or flagrant as specified under LSA-R.S. 9:2798.1.
When the Levee Board and National Union filed a peremptory exception of no cause of action, plaintiffs responded by amending their petition to claim wanton, reckless, intentional and/or criminal conduct on the part of the Levee Board. The trial court granted the Levee Board and National Union a partial Summary Judgment from which this appeal followed.
Plaintiffs present the following issues on appeal:
1. Whether LSA-R.S. 9:2798.1 contraverts the Louisiana Constitution;
2. Whether LSA-R.S. 9:2798.1 applies retroactively;
3. Whether the Levee Board has shown that its actions and/or omissions were within its discretionary policy making duties entitling it to partial summary judgment; and
4. Whether National Union is entitled to immunity under R.S. 9:2798.1.
Plaintiffs contest the trial court's partial summary judgment dismissing their claims in negligence and strict liability, thereby precluding recovery except for liability based on defendants' wanton, reckless, intentional and/or criminal conduct. They argue that before a public entity can take advantage of immunity under the public duty doctrine, it must show that its actions were either discretionary or policy-making, presenting an issue of material fact.
Louisiana R.S. 9:2798.1 provides in pertinent part:
A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
Plaintiffs allege that defendants had a duty to promulgate pollution reports; post notices warning of pollution; close areas where the pollution count exceeded safe levels; patrol the areas to prevent anyone from coming in contact with the polluted waters and other duties as may be proven at trial.
*879 At issue is whether these duties present discretionary or policy-making decisions under LSA-R.S. 9:2798.1 as a matter of law or fact. The Louisiana First Circuit Court of Appeal found that under the circumstances failure to warn constituted a failure to perform a discretionary act precluding recovery where plaintiff's illness arose from consumption of raw oysters. Winstead v. Ed's Catfish & Seafood, Inc., 554 So.2d 1237 (La.App. 1st Cir.1989), writ denied, 558 So.2d 570, (La.1990). However, that court reviewed the facts in that particular case to determine that the public entity's non-performance was discretionary. In determining whether the discretionary function exception barred suit against the United States, the United States Supreme Court considered whether an employee's action (or inaction) was a matter of choice since conduct cannot be discretionary unless it involves an element of judgment or choice. 28 U.S.C. Sec. 2680(a); Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). On rehearing in Fowler v. Robert, 526 So.2d 266 (La.App. 2d Cir.1988), writ granted, 531 So.2d 257 (La.1988), writ denied, 531 So.2d 278 (La.1988); jmt. aff'd, 556 So.2d 1 (La.1989), rehearing granted (La. Oct. 12, 1989), on rehearing (La. Feb. 5, 1990), the Louisiana Supreme Court provided a two-step inquiry to analyze the applicability of the discretionary exception, including: (1) whether a statute, regulation or policy specifically prescribes a course of action; and (2) whether the challenged action is grounded in social, economic or political policy. The Louisiana Supreme Court declared that the exception protects the government from liability only at the policy-making ministerial level, but not at the operational level.
Plaintiffs point out that they will show that the State performed a study of the lake water pollution and decided to warn the public. They contend that once the Levee Board was aware of the problem and a decision had been made to warn the public, there is no discretionary policy decision and performance of the duty to warn should be carried out according to reasonable standards. Whether the duty to warn is discretionary at the policy-making level or the operational level depends on the evidence and presents a question of fact. Although the Levee Board asserts that the plaintiff has not shown any statute or regulation imposing the alleged duties under step one, an issue of material fact remains as to whether the duties are operational and are no longer at the ministerial policy-making level. Summary judgment may be partial but it must grant at least some of the relief for which one of the parties prayed; it may not be used merely to decide an issue without granting or denying any part of relief claimed by any party. Stock v. City-Parish of East Baton Rouge, 525 So.2d 675 (La.App. 1st Cir. 1988). The court should not seek to determine whether it is likely that the mover will prevail on the merits but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir. 1988). Because there is an issue of material fact precluding summary judgment, we pretermit consideration of plaintiffs' other claims.
We therefore reverse the ruling of the trial court with costs of appeal assessed against the appellees. We remand for trial on the merits.
REVERSED AND REMANDED.