572 So.2d 1191 (1990)
Gladys Woods JONES, as Tutrix of the Minor Children of Mildred Jones
v.
NEW ORLEANS AVIATION BOARD, et al.
No. 90-CA-0635.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
John I. Hulse, IV, Hulse, Nelson & Wanek, New Orleans, for Laurence Lambert & Associates, defendant/appellant.
William H. Howard, III, Stephen P. Hall, Raymond J. Pajares, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for the City of New Orleans and the New Orleans Aviation Bd., defendants/appellees.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
BARRY, Judge.
Mildred Jones was killed on August 2, 1982 when the car in which she was a passenger suddenly and without warning crossed the center line of the limited access road at New Orleans International Airport and collided with an oncoming vehicle. The accident occurred on a straight portion of the road during a heavy rain. The cause of the accident was never determined.
*1192 The posted speed limit on the access road was 30 miles per hour. The police report estimated that the vehicles were traveling approximately 45 miles per hour. No evidence was introduced to show that the accident was caused by excessive speed.
Ms. Jones' mother, Gladys Wood Jones, filed suit as tutrix of Jones' five minor children against Patricia Miller and Loretta Lawrence, owner and driver, respectively, of the car in which Jones was riding;[1] the City of New Orleans and the New Orleans Aviation Board, owner and operator of New Orleans International Airport (City/Board); Laurence L. Lambert & Associates, designer of the access road; T.L. James & Co., Inc., builder of the access road;[2] and Puritan Insurance Company, insurer of the City/Board.
The City/Board filed an incidental demand against Lambert seeking contribution and/or indemnification. Lambert responded with a cross-claim against the City/Board. Lambert's cross-claim alleged in part that if Lambert was responsible for the accident, then Lambert was entitled to indemnification and/or contribution from the City/Board due to "the failure of the City of New Orleans d/b/a The New Orleans Aviation Board to fulfill its duty and responsibility to maintain, service, police, patrol or sign the roadway...."
The plaintiffs' petition also contained allegations of negligence by the City/Board.
The City/Board filed a motion for partial summary judgment seeking dismissal of all claims based on its alleged failure to police and/or patrol the roadway. The City/Board argued that: 1) any alleged failure to police and/or patrol the access road was not a cause in fact of the accident, and; 2) it was immune from negligence in failing to police or patrol the roadway under the "public duty" exception to governmental liability.
The trial court granted the motion for summary judgment and dismissed the City/Board from the suit with prejudice on October 10, 1989. In written reasons the trial court concluded that policing and patroling the roadway was a discretionary function of the City/Board and that it could not be held liable for failure to police or patrol the access road absent allegations of wanton and wilful conduct.
The October 10, 1989 judgment erroneously dismissed all causes of action against the City/Board. Plaintiffs and Lambert timely moved for a new trial and amended judgment. The trial court denied the motions for new trial and on December 8, 1989 issued an amended judgment vacating the October 10 judgment. The December 8 judgment dismissed only those causes of action relating to the City/Board's alleged negligence in failing to police and/or patrol the access road.
Lambert appeals that decision.[3] We reverse.

STANDARD FOR SUMMARY JUDGMENT
A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Summary judgment is appropriate only when reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to summary judgment as a matter of law. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98.

*1193 ASSIGNMENT NO. 1

PUBLIC DUTY DOCTRINE
Lambert argues that the trial court erred in finding that the City/Board could not be liable as a matter of law under the "public duty doctrine".
La. R.S. 9:2798.1 provides:
A. As used in this Section, `public entity' means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
R.S. 9:2798.1, which was enacted in 1985, is applied retroactively by Louisiana courts because it interprets C.C. Art. 2315 et. seq. and codifies prior jurisprudence. Winstead v. Ed's Live Catfish & Seafood, Inc., 554 So.2d 1237 (La.App. 1st Cir.1989), writ denied 558 So.2d 570 (La.1990); Sunlake Apartment Residents v. Tonti Development Corporation, 522 So.2d 1298 (La. App. 5th Cir.1988).
Under R.S. 9:2798.1 public entities are not liable for their officers' or employees' discretionary acts. The Supreme Court has held that this discretionary function exception to state governmental liability is essentially the same as the exception in the Federal Tort Claims Act. Fowler v. Roberts, 556 So.2d 1 (La.1989), rehearing granted (La. Oct. 12, 1989), on rehearing (La. February 5, 1990). Discretion exists only when a policy judgment is made. Therefore, operational decisions are not protected from liability under this exception. Fowler, supra at 15.
The Supreme Court relied on Berkowitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988) in devising a two-step test to determine whether the discretionary function exception applies: 1) the exception does not apply when a statute, regulation or policy specifically prescribes a course of action for an employee to follow. No immunity exists if an employee has no discretion as to appropriate conduct; 2) if discretion is involved, the court must determine whether the discretionary action is based on social, economic or public policy. The government is exempt from liability for negligence only if the challenged action involves the permissible exercise of a policy judgment. Fowler, supra, citing Berkowitz, 486 U.S. at 536, 108 S.Ct. at 1958-59, 100 L.Ed.2d at 540-541.
Whether a public duty is policy-making rather than operational is a question of fact which precludes summary judgment. Verdun v. State Through DHHR, 559 So.2d 877 (La.App. 4th Cir.1990). The trial court erred in granting the City/Board's motion for partial summary judgment based on the public duty doctrine.

ASSIGNMENT NO. 2
Since we find that summary judgment was inappropriate as a matter of law, it is not necessary to consider Lambert's assignment relating to "numerous issues of material fact."
*1194 The ruling of the trial court is reversed and this matter is remanded.
REVERSED; REMANDED.
NOTES
[1] Neither Ms. Miller nor Ms. Lawrence was served with process of this suit.
[2] T.L. Jones & Co., Inc. was dismissed from the suit by summary judgment on February 17, 1984.
[3] Plaintiffs did not file an appeal and are not before this Court.