589 So.2d 10 (1991)
Neal INSLEY
v.
TITAN INSURANCE COMPANY.
No. 90 CA 0745.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*11 Roy Maughan, Baton Rouge, for plaintiff-appellant Neal Insley.
Vincent P. Fornias, Baton Rouge, for defendant-appellee Titan Ins. Co.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in favor of defendants granting the motions for summary judgment. Since the record reflects genuine issues of material fact, the defendants are not entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. We reverse and remand.

FACTS
Plaintiff, Neal Insley, sued defendant, Titan Insurance Company, liability insurer of the Allen Parish Police Jury, for damages arising from personal injuries allegedly received when he dove off a bridge into the Calcasieu River. The bridge was allegedly "operated and maintained" by the police jury. Among the allegations plaintiff averred that the police jury "knew or should have known the bridge was frequently used as a diving platform and had caused injuries to other divers because of shallow water." Plaintiff further alleged that the police jury breached its duty to warn of known hazards.
Titan answered the petition, admitting that it insured the police jury, but denying all relevant material allegations and asserting plaintiff's contributory negligence. Further, Titan alleged the police jury's immunity under the Recreational Use Statutes, LSA-R.S. 9:2791 and 9:2795. Titan also filed an exception pleading the objection of no cause of action on the grounds of immunity under the Recreational Use Statutes. By amended petition, the police jury, its members and manager, and Allen Parish were made defendants. The police jury answered, denying all material allegations and asserting the same defenses as the insurer, with the additional defense of limitation of recovery under LSA-R.S. 13:5106B(1).[1]
*12 Defendants moved for a summary judgment. The police jury also filed an exception pleading the objection of no cause of action.
By another amended petition, plaintiff alleged that the police jury, its individual members, and the manager for the police jury were negligent in that they failed to properly supervise the dangerous activity conducted on the bridge.
The defendants answered the second amended petition, denying all material facts and re-asserting their defenses. They also asserted res judicata in the answer. The defendants again moved for a summary judgment.
At the hearing on the exceptions and motions, the trial judge orally indicated that he would grant the exception pleading the objection of res judicata and the motion for summary judgment. However, the judgment, signed on August 31, 1989, grants only defendants' motions for summary judgment.
Plaintiff has taken this appeal, assigning the following errors:
1. The trial court erred in applying LSA-R.S. 9:2791 and LSA-R.S. 9:2795 to the facts of this case.
2. The trial court erred in not holding the statutes inapplicable because of willful failure to warn.
3. The trial court erred in not holding immunity granted by LSA-R.S. 9:2791 and 2795 was personal to the landowner (police jury).
4. The trial court erred in holding Titan Insurance Company could avail itself of any immunity flowing to the police jury.
5. The trial court erred in applying the immunity statutes to the individual police jurors.
6. The trial court erred in applying the immunity to Titan Insurance Company as insurer of the individual police jurors.
7. The trial court erred in granting a Motion for Summary Judgment without proper evidentiary basis.
The first six assignments of error are concerned with the Recreational Use Statutes and will be treated in this opinion under Recreational Use Immunity. The motion for summary judgment will be treated as a separate issue under which we will also consider LSA-R.S. 9:2798.1, Discretionary Acts Immunity, which has been raised by the defendants as an issue. Although the trial court stated in oral reasons for judgment that plaintiff's suit against the individual police jurors was barred by res judicata, no judgment was signed granting this peremptory exception. We will not consider this an issue on appeal. LSA-C.C.P. arts. 1911, 2083.

RECREATIONAL USE IMMUNITY
Although both parties considered the trial court's interpretation and application of the Recreational Use Statutes as the primary issue on appeal, it became necessary for them to reconsider their positions when the supreme court rendered its decision in Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La. 1990).
Monteville is dispositive of this issue. The supreme court held that the Recreational Use Statutes do not apply to public lands and do not grant immunity to the state, its agencies, or subdivisions. Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d at 1104.
Therefore, the trial court's judgment, granting the motions for summary judgment based on the recreational use immunity provisions, is reversed. The Allen Parish Police Jury and its insurer do not qualify for immunity under the Recreational Use Statutes. Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d at 1102, 1104.

*13 SUMMARY JUDGMENT
A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966 B; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Summary judgment is appropriate only when reasonable minds must inevitably conclude that, on the facts before the court, the mover is entitled to judgment as a matter of law. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367, 370 (La.1976), cert. den., 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203, 205 (La.App. 4th Cir.1988). The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment. Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542, 546 (La.App. 1st Cir.1983). The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. Batson Lumber Co., Inc. v. Yates, 319 So.2d 853, 854 (La.App. 1st Cir.1975).
Defendants filed a motion for summary judgment asserting immunity from suit by virtue of the provisions of LSA-R.S. 9:2798.1, which grants immunity to governmental bodies who make discretionary decisions as a part of their policy-making function.
The pertinent provision of LSA-R.S. 9:2798.1 B reads:
Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
The discretionary function exception to state governmental liability is essentially the same as the exception in the Federal Tort Claims Act, 28 U.S.C. § 2680(a). Fowler v. Roberts, 556 So.2d 1, 15 (La. 1989). Discretion exists only when a policy judgment is made; operational decisions are not protected from liability under this exception. In devising a two-step test to determine whether the discretionary function exception applies, the Supreme Court relied on Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). First, the exception does not apply when a statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In other words, no immunity exists if an employee has no discretion as to the appropriate conduct. Second, if discretion is involved, the court must determine whether the discretionary action is based on social, economic, or political policy. The government is exempt from liability for negligence only if the challenged action involves the permissible exercise of a policy judgment. Jones v. New Orleans Aviation Board, 572 So.2d 1191, 1193 (La.App. 4th Cir.1990).
Whether the exercise of discretion by a governmental entity is a policy-making decision, as contemplated by LSA-R.S. 9:2798.1, or an operational decision is a question of fact. Jones v. New Orleans Aviation Board, 572 So.2d at 1193; Verdun v. State, Department of Health & Human Resources, 559 So.2d 877, 879 (La. App. 4th Cir.1990). Whether the duty to warn is discretionary at the policy-making level or the operational level depends on the evidence and presents a question of fact. Verdun v. State Department of Health & Human Resources, 559 So.2d at 879.
In the case sub judice, the defendants claim immunity from liability under the quoted language of LSA-R.S. 9:2798.1 B, the "discretionary function exception of government tort liability" statute. The deposition testimony of the Rollie G. Mayfield, an employee of the Allen Parish police jury, was offered by the defendants in an effort to show their entitlement to immunity under LSA-R.S. 9:2798.1. Mayfield variously described his position as, "road *14 superintendent," "bridge inspector,"[2] "coordinator," or "parish manager." Mayfield stated that the parish police jurors have authority to direct his activities in their respective districts. Apparently, decisions concerning actions by Mayfield often involve a parish foreman.[3] According to Mayfield, funds for maintenance are raised by and distributed within each district. The bridge at issue crosses a body of water separating the districts of two police jurors. Mayfield testified that the bottom of the body of water itself is federal property. Mayfield stated that he has never discussed with any police juror the possibility of installing a sign warning against diving off the bridge. Mayfield testified that he "never asked the jury to put a sign such as that up and they have never requested me to put it up. If they had requested it, we would have gotten the sign and put it up."
The evidence presented leaves unanswered several relevant questions concerning the extent and nature of the authority of the various defendants. The evidence fails to resolve the factual questions of whether the defendants were making a permissible discretionary policy decision not to install a warning sign concerning diving from the bridge. Given these unresolved and clearly disputed factual questions, the trial court was in error in granting the motions for summary judgment. See Chaney v. National Railroad Passenger Corporation, 583 So.2d 926 (La.App. 1st Cir. 1991).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings. Appeal costs in the amount of $309.90 are assessed against defendants; the assessment of other costs are to await the final outcome of the case on the merits.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 13:5106B(1) provides as follows:

In any suit for personal injury, the total amount recoverable, exclusive of medical care and related benefits and loss of earnings, and loss of future earnings, as provided in this Section, shall not exceed five hundred thousand dollars.
[2] Mayfield clarified that he is not a certified bridge inspector.
[3] The role and authority of the foreman or foremen is unclear from Mayfield's testimony.