liTHOMAS W. TANNER, Judge Pro Tem., dissenting.
The result in this case hinges on the meaning of the following two sentences of the contract of lease between Anchor Gasoline Corporation (hereinafter “Anchor”) and plaintiffs (State of Louisiana, Through the Department of Wildlife and Fisheries, hereinafter “State”) ancestor-in-title, which read:
[A]t any time after the expiration of said ten year period upon the payment of all rental then due, Lessee shall have the right to remove all fixtures and improvements placed on said property, which fixtures and improvements shall be owned by Lessee. Lessee obligates itself to leave said property in the same condition as upon the execution of this lease.
Anchor argues that the first sentence quoted above, giving it the right of ownership and removal of the “fixtures and improvements” implies that it could also abandon the “fixtures and improvements” at its option. The basis of Anchor’s argument is given as the fact that the contract allows Anchor to remove the “fixtures and improvements” “at any time” after expiration of the lease. Anchor argues that requiring it to remove the refinery at the end of the lease, would render nugatory Anchor’s right to remove the refinery “at any time”. Anchor further states that “the clause requiring the lessee to return the property to its original condition at the termination of the lease, in order to preserve its meaning, must be interpreted to exclude any obligation on Anchor’s part of removing the refinery.” The State argues that the reverse can also be asserted; i.e., interpretation |2of the clauses to allow Anchor to abandon the refinery would render nugatory the clause requiring Anchor to leave the premises in the same condition as upon the execution of the lease.
Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.C.C. art. 2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.C.C. art. 2050. In the instant case, the two clauses at issue, when read together do present an ambiguity.
The majority opinion interprets the clauses to mean that although Anchor did not obtain the “right” to remove the refinery -until the conditions outlined in the contract were met, Anchor nevertheless had an “obligation” to remove the refinery at the termination of the lease. One would assume that if Anchor was obliged to remove the refinery at lease-end, then Anchor would have the “right” to do so, and thus, as a practical matter, it would be superfluous as to whether Anchor had met the conditions stated in the contract as being precedent to Anchor’s attainment of the “right” to remove the refinery.
In addition to the “unambiguous” interpretation articulated by the majority opinion, at least one other interpretation of these contractual provisions can be postulated. It is possible that the sentence requiring return of the premises to its pre-lease condition, following as it does the sentence allowing removal of the refinery by Lessee, modifies that clause to mean that if Lessee removes the refinery, at its option, then the premises *475 must be returned to the pre-lease condition. Presumably, if the structures had value, the landowner would not object to their abandonment.
In order to determine the true intent of the parties, further inquiry must be made. A doubtful provision must be interpreted in light of the nature of the contract, equity, usage, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La.C.C. art. 2053. Although [3as a general rule, parol evidence is inadmissible to vary, modify, explain, or contradict a writing, when the terms of a written contract are susceptible of more than one meaning or there is uncertainty or ambiguity as to its provisions, parol evidence is admissible to clarify the ambiguity and show the intention of the parties. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La.App. 1st Cir. 3/11/94), 634 So.2d 466. See also Borden, Inc. v. Gulf States Utilities Company, 543 So.2d 924 (La.App. 1st Cir.), writ denied, 545 So.2d 1041 (La.1989); Kean v. Lemaire, 451 So.2d 151 (La.App. 1st Cir.1984). In cases of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. La.C.C. art. 2056. But see La.C.C. art. 2057. If it is determined that the contract between the parties did not contemplate or provide for the situation encountered in the instant case, then La.C.C. art. 2054 requires resort to law, equity or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.
Although current law would be considered to address matters not covered by contract, review of the law in existence at the time the contract was confected may be pertinent to a determination of the parties’ intent. Consequently, we note that La.C.C. art. 493 was enacted by Acts 1979, No. 180, § 1, and had no prior counterpart. In fact, former La. Revised Civil Code of 1870, art. 508 (in effect in 1957) provided, in pertinent part:
When plantations, constructions and works have been made by a third person, and with such person’s own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.
If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.
While it may seem that the State would or should prevail, we certainly can not say that there is no genuine issue as to a material fact remaining in this case. Summary judgment under La.C.C.P. art. 966 is available only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue Uas to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989); Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983); Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 393 So.2d 207 (La.App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991); Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir. 1985); Asian International Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058 (La.App. 1st Cir.1983). Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. Robertson v. Our Lady of the Lake *476 Regional Medical Center, 574 So.2d at 385; Dupuy v. Gonday, 450 So.2d 1014 (La.App. 1st Cir.1984). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d at 385; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980); Chaisson v. Domingue, 372 So.2d at 1227. The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Insley v. Titan Insurance Company, 589 So.2d 10 (La.App. 1st Cir. 1991); Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988). I would find all issues of material fact have not been resolved, and that therefore, summary judgment was not appropriately granted.
IsAccordingly, I will dissent from the majority opinion affirming summary judgment in this case.