571 So.2d 898 (1990)
Cheryl A. TENHAAF
v.
Frank QUENQUI a/k/a Frank Gueeren and the Parish of Jefferson.
No. 90-CA-486.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
Paul Brian Spurlock, New Orleans, for plaintiff-appellant.
Lawrence J. Centola, Jr., New Orleans, Louis Gruntz, Jr., Asst. Parish Atty., Grenta, for defendants-appellees.
Before CHEHARDY, GOTHARD and DUFRESNE, JJ.
DUFRESNE, Judge.
Plaintiff, Cheryl A. Tenhaaf (Tenhaaf) filed suit against Frank Quenque, owner of her apartment and the Parish of Jefferson (Jefferson) alleging bodily injuries sustained on August 18, 1987, when her apartment caught fire at 734 LaBarre Road, Metairie, Louisiana.
Tenhaaf alleges in her petition against Jefferson that it was responsible for the inspection of the premises and enforcement of ordinances and statutes requiring fire suppression and fire warning devices in response to an application for permits to undertake renovations to the premises. The petition further alleges that Jefferson was negligent in failing to properly inspect the premises and failing to enforce the appropriate Jefferson ordinances and State statutes.
Jefferson filed an exception of no cause of action arguing that Louisiana law (LSR.S. 9:2798.1) immunizes Jefferson against liability asserted in this lawsuit. The trial court agreed and granted Jefferson's motion dismissing Tenhaaf's lawsuit against Jefferson. From this decision Tenhaaf has appealed contending that the trial court erred in its interpretation and application of the law.
There is only one issue presented on appeal, namely does Tenhaaf have a cause of action against the Parish of Jefferson for its alleged failure to properly inspect and/or enforce the fire code.
Jefferson primarily based its exception of no cause of action upon the application *899 and interpretation of LSA-R.S. 9:2798.1, which states in pertinent part as follows:
B. "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform discretionary acts when such acts when such acts are within the course and scope of their lawful powers and duties."
Jefferson contends that its failure to properly inspect Tenhaaf's apartment and failure to properly enforce its own ordinances and State statutes are "policy making" and "discretionary" acts for which there is no liability.
Jefferson argues that Louisiana law does not provide Tenhaaf a cause of action. Reviewing our law, the Louisiana Supreme Court defined the exception of no cause of action in Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), as follows:
"The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins, supra at 195; West v. Ray, 210 La. 25, 26 So.2d 221 (1946)"
In Owens v. Martin, 449 So.2d 448 (La. 1984), the Supreme Court has further instructed that "when a court can reasonably do so, it should maintain the petition so as to afford a litigant an opportunity to present his evidence." Therefore, does our law afford any relief to Tenhaaf under the facts presented in her petition?
We are not convinced by Jefferson's argument that it was not "compelled by law" to inspect Tenhaaf's premises. After reviewing the record and applicable law we find Jefferson had no discretion as to whether to enforce State statutes and Parish ordinances requiring fire suppression and fire warning devices at Tenhaaf's apartment. R.S. 9:2798.1 only eliminates liability for policy-making or discretionary acts, therefore, is inapplicable to this case because no discretionary or policy-making acts were involved. Sunlake Apt. Resid. v. Tonti Dev. Corp., 522 So.2d 1298 (La. App. 5th Cir. 1988).
We find that LSA-R.S. 40:1563(C) makes it clear that Jefferson has the responsibility to regulate fire prevention and inspection. The statute provides, in pertinent part:
"... the local governing authority through its fire prevention bureau shall be responsible for conducting fire inspection and investigations ..."
We find nothing in this language which confers discretionary or policy making acts. We are guided by the general rule of law that a no cause of action exception must be denied unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based, in other words, unless the plaintiff has no cause of action under any evidence admissible in the pleadings.
The fire prevention and inspection statute cited above protects the safety of individuals and this regulation should be adhered to ensure these structures are safe for those who may inhabit them. Sunlake, supra.
Accordingly, the trial court's decision maintaining Jefferson's exception of no cause of action is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.