577 So.2d 833 (1991)
Jeff GARY and Reva Gary on Behalf of their Minor Child, Tracy GARY, Plaintiffs-Appellants,
v.
Ross S. MECHE, et al., Defendants-Appellees.
No. 89-1192.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
Writs Denied June 14, 1991.
*834 Michael C. Cassidy, Jennings, for plaintiffs-appellants.
Guglielmo, Lopez, Tuttle & Walker, Gina B. Tuttle, Opelousas, for defendant-appellee School Bd.
Nichols & Arceneaux, Richard M. Arceneaux, Jennings, for defendant-appellee Town of Welsh.
Before STOKER, KNOLL AND KING, Judges.
STOKER, Judge.
Plaintiffs, Jeff Gary and Reva Gary, on behalf of their minor child, Tracy Gary, appeal from judgments of the trial court granting (1) motions for summary judgment, (2) exceptions of no cause of action in favor of the Jefferson Davis Parish School Board (the School Board) and the Town of Welsh and (3) a motion to strike filed by the School Board. The main issue in this appeal is whether the two public body defendants are entitled to dismissal of the actions at the pleading stage on the ground that the conduct ascribed to them in plaintiffs' petition is exempted from liability as policy-making or discretionary acts under LSA-R.S. 9:2798.1. We reverse and remand to the trial court for further proceedings.

FACTS
Plaintiffs, Jeff Gary and Reva Gary, filed a petition on September 8, 1987, alleging that their six-year-old child was struck by a vehicle when she crossed the street on her way home from Welsh Elementary School located in the Town of Welsh, Louisiana. Plaintiffs claim the School Board is liable for failure to fence the school grounds so that the children would be "funneled" to crosswalks. They claim the Town is liable for allowing perpendicular parking along the street which obstructed the view of pedestrians and motorists.
Subsequently, plaintiffs amended their petition to add the following paragraph 10(a).:
"Defendant, the JEFFERSON DAVIS PARISH SCHOOL BOARD, had an opportunity to erect a fence around the premises of the Welsh Elementary School before the accident which is the subject of this litigation, but decided that the fence and safety of the children was not a high priority and did not build the fence. This decision constitutes willful, outrageous, reckless, and/or flagrant misconduct."
The School Board and the Town of Welsh each filed a motion for summary judgment and an exception of no cause of action on the grounds that LSA-R.S. 9:2798.1 precludes liability from being imposed on public entities based upon their employees' performance of policy-making or discretionary acts. The School Board filed a motion to strike paragraph 10(a) of plaintiffs' petition on the ground that the language is redundant and immaterial.
The trial court granted the defendants' motions and dismissed the plaintiffs' suit. The plaintiffs have appealed.

ASSIGNMENTS OF ERROR
Appellants assign three assignments of error which follow:
I. The trial court erred in granting the motions for summary judgment filed by the School Board and the Town of Welsh.
II. The trial court erred in granting the motions to strike.
III. The trial court erred in sustaining the exceptions of no cause of action filed by the School Board and the Town of Welsh.

OPINION
The trial court assigned no reasons for its judgments, but it evidently granted the motions for summary judgment and sustained the exceptions on the basis of the defense asserted under the policy-making or discretionary act defense urged by defendants under LSA-R.S. 9:2798.1. The *835 two procedural devices through which the suit against the two public body defendants was dismissed require no explanation or discussion. It is clear that the defendants invoke both devices to assert the one defense. In our opinion neither a motion for summary judgment nor an exception of no cause of action are appropriate on the basis of the pleadings. The required inquiry here, as we see it, is whether the plaintiffs set forth a cause of action. The motions for summary judgment are in reality based on defendants' contentions that the allegations of the petition do not set forth causes of action against them.
Plaintiffs' petition sets forth causes of action against both defendants. The issues presented by the two defendants should be resolved under Fowler v. Roberts, 556 So.2d 1 (La.1989), as supplemented on rehearing, 556 So.2d 13.[1] The claims against the School Board and the Town of Welsh must be tested through the application of established tort principles as explained in the majority opinion on original hearing and the two-step inquiry as explained in the opinion as supplemented on rehearing. Applicability of the defenses under LSA-R.S. 9:2798.1 cannot be determined without a trial on the merits.[2] Accordingly, we should not be understood as expressing any opinion as to what the outcome should be upon trial of the merits.
For the reasons stated above, this case must be remanded for further proceeding. The granting of the motion to strike filed by the School Board was error. Pitre v. Opelousas General Hosp., 530 So.2d 1151 (La.1988).

CONCLUSION
For the foregoing reasons, the judgments of the trial court, including that portion of the judgment in favor of the Jefferson Davis School Board granting the motion to strike, are reversed and set aside and this case is remanded to the trial court for further proceedings according to law. The costs of this appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] Fowler v. Roberts, 556 So.2d 1 (La.1989), is a plurality opinion of the Louisiana Supreme Court. Nevertheless, it appears to us that the general principles discussed require the approach we hold should be followed. For a general consideration of tort liability of public bodies in Louisiana, see Robertson, "Tort Liability of Governmental Units in Louisiana," 64 Tul.L.Rev. 857 (1990). Professor Robertson's article was written after the Louisiana Supreme Court handed down its opinion on original hearing but before the court handed down its supplemental opinion on rehearing.
[2] See Verdun v. State through DHHR, 559 So.2d 877 (La.App. 4th Cir.1990).