617 So.2d 213 (1993)
Curtis RUSSELL and Monica Russell, Plaintiffs-Appellants,
v.
Mr. & Mrs. Donald GUILLORY and the Town of Pine Prairie, Defendants-Appellees.
No. 92-567.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
William A. Brinkhaus, Opelousas, for plaintiffs-appellants.
Raymond J. Lejeune, Mamou, for defendants-appellees.
Before DOUCET, YELVERTON and COOKS, JJ.
DOUCET, Judge.
This is an appeal from a judgment dismissing plaintiffs' suit pursuant to an exception of no cause and/or no right of action.
Curtis Russell was allegedly injured while riding a moped in the Village of Pine Prairie (the Village). A boxer/bulldog, owned by Mr. and Mrs. Donald Guillory, allegedly ran out into the street in front of the moped, causing Russell to fall and incur the injuries complained of.
As a result, Russell and his wife brought this suit against the Guillorys and the Village. The Village filed an exception of no right of action and no cause of action. The trial court granted the exception and gave written reasons.
Plaintiffs appeal.

*214 The purpose of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. Smith v. Cole, 541 So.2d 307 (La.App. 5 Cir.1989); affirmed 553 So.2d 847 (La. 1989). It can only be resolved upon the facts alleged in the petition and the well-pleaded facts therein are taken to be true. Smith v. Cole, supra. The exception may only be maintained when it is clear that the law affords no remedy to anyone for the particular grievance alleged. Smith v. Cole, supra.

The exception of no right of action, on the other hand, is designed to terminate a suit brought by one with no legal interest to assert it. Smith v. Cole, supra. It challenges the plaintiff's interest in the subject matter, or his lack of capacity to proceed with the action. Smith v. Cole, supra.

Cortez v. Total Transp., Inc., 577 So.2d 292, 295 (La.App. 5 Cir.1991).
In this case, the plaintiffs' petition asserts that the Village had an ordinance prohibiting owners from allowing dogs from running loose, that the Village knew that the Guillorys' dog, as well as other dogs, were running loose, and that the Village failed to enforce the ordinance.
The Village asserted by its exception, and the trial court agreed, that plaintiffs have no right or cause of action against the Village for failure to enforce an ordinance because of the immunity granted by La. R.S. 9:2798.1.
La.R.S. 9:2798.1 states that:
A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
The immunity conferred on public entities by this statute is not a complete immunity. It protects a public entity from liability at a policy making level only, not from liability at the operational level.
The Louisiana Supreme Court in Fowler v. Roberts, 556 So.2d 1 (La. 1989), analyzed this distinction as follows:
Under LSA-R.S. 9:2798.1, public entities, such as the Department of Public Safety, are not liable for their officers' or employees' discretionary acts. The discretionary function exception to state governmental liability established by the statute is essentially the same as the exception in the Federal Tort Claims Act.10 The FTCA exception has been read into other federal statutes as a requirement of the separation of powers' principle. See, for example, United States Fire Ins. Co. v. United States, 806 F.2d 1529 (11th Cir.1986).
Discretion exists only when a policy judgment has been made. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Judicial interference in executive actions involving public policy is restrained by the exception. See United States Fire Ins. Co. v. United *215 States, supra. Thus, the exception protects the government from liability only at the policy making or ministerial level, not at the operational level. See Pendergrass v. State of Oregon, [66 Or. App. 607,] 675 P.2d 505 (Or.App.1984).

Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), held that there is a two step inquiry for determining whether the discretionary function exception applies in specific fact situations. A court must first consider whether the government employee had an element of choice. "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958-59, 100 L.Ed.2d at 540-41. If the employee had no discretion or choice as to appropriate conduct, there is no immunity. When discretion is involved, the court must then determine whether that discretion is the kind which is shielded by the exception, that is, one grounded in social, economic or political policy. If the action is not based on public policy, the government is liable for any negligence, because the exception insulates the government from liability only if the challenged action involves the permissible exercise of a policy judgment.
If there is no room for an official to exercise a policy judgment, the discretionary function exception does not bar a claim that an act was negligent. See Arizona Maintenance Co. v. United States, 864 F.2d 1497 (9th Cir.1989). When the government acts negligently for reasons unrelated to public policy considerations, it is liable to those it injures. See Hitchcock v. United States, 665 F.2d 354 (D.C.Cir.1981).
If an ordinance existed, the Village had no option but to enforce it. The method of enforcing may, depending on the exact circumstances, be discretionary. See DuBois v. McGuire, 579 So.2d 1025 (La. App. 4th Cir.1991), writ denied, 587 So.2d 696 (La.1991).
Taking as true the facts as alleged in the plaintiffs' petition, we conclude that the trial judge erred in dismissing the plaintiffs' petition pursuant to the exception of no right of action and no cause of action. Accordingly, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are to be paid by the Village.
REVERSED AND REMANDED.