706 So.2d 172 (1997)
Charles S. LAMBERT, Jr. and Capitol House Preservation Company, L.L.C.
v.
RIVERBOAT GAMING ENFORCEMENT DIVISION, Office of State Police, Department of Public Safety, State of Louisiana, and Lt. Marcal Poullard.
No. 96 CW 1856.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*174 Charles S. Lambert, Jr., Baton Rouge, for Plaintiffs-Respondents Charles Lambert, Jr., and Capitol House Preservation Company.
Martin Golden, Baton Rouge, for Defendants-Applicants Lt. Marcal Poullard and State.
Jennifer Schaye, Thomas Warner, III, Baton Rouge, for Defendant Attorney General Department of Justice.
Stephen A. Quidd, Baton Rouge, for Defendant Riverboat Gaming Enforcement Division and the State Police.
Joseph P. Brantley, IV, Baton Rouge, for Intervenor Louisiana Casino Cruises, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
This matter is before us on a grant of certiorari. Defendants, the Louisiana State Police, Riverboat Gaming Enforcement Division (the "Division"), and Lt. Marcal Poullard, the supervisor of the Riverboat Gaming Enforcement Division, seek review of the trial court's judgment of August 8, 1996, wherein the court found that Lt. Poullard enjoyed qualified immunity, but nonetheless overruled an exception of no cause of action filed on behalf of Poullard and the Division.[1] For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The dispute in this case concerns actions taken by the defendants in awarding licenses for riverboat gaming operations in East Baton Rouge Parish. Plaintiffs, Charles S. Lambert, Jr. and Capitol House Preservation Company, L.L.C., are the successors in interest of Lady Luck Baton Rouge Casino, Inc. (Lady Luck), an applicant denied a riverboat casino license in East Baton Rouge Parish.
Through their original and two amending and supplementing petitions, plaintiffs challenge: the Division's actions in awarding, and subsequently failing to revoke, a riverboat gaming license to Louisiana Casino Cruises, Inc. (LCC); the method utilized by the Division in awarding the last two licenses; and the constitutionality of LSA-R.S. 4:525(A), which sets at fifteen the maximum number of gaming licenses which may be granted by the Division. In their pleadings, plaintiffs assert that defendants' actions violated plaintiffs' rights under the Louisiana Constitution, the United States Constitution and 42 U.S.C. § 1983. Plaintiffs allege that: in considering sixteen license applications, the Division evaluated the first thirteen applicants under a uniform evaluation process, yet utilized a "ranking scheme" for the last three applicants, who were competing for two remaining licenses; that utilization of this "ranking scheme" was improper and a denial of equal protection, in violation of Art. 1, § 3 of the Louisiana Constitution, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; and that the "ranking scheme" deprived them of a fair, equal and nondiscriminatory hearing, review, evaluation and licensing process. In their pleadings, plaintiffs also allege that Poullard and other officials of the Division or the State are liable for damages under LSA-C.C. art. 2315.
Thus, in their original and amending and supplementing petitions, plaintiffs seek a peremptory writ of mandamus directing the defendants to revoke LCC's license; damages under state and federal law; injunctive relief; and a declaratory judgment from the court that LSA-R.S. 4:525(A) is unconstitutional.
In response, defendants filed various exceptions, including an exception raising the objection of no cause of action. In their exception, defendants claim that plaintiffs fail to state a cause of action under 42 U.S.C. § 1983 as defendants are entitled to absolute and qualified immunity. As an additional basis for their exception, defendants contend *175 they are protected by the discretionary acts defense set forth in LSA-R.S. 9:2798.1(B) and that, accordingly, plaintiffs are unable to state a cause of action under LSA-C.C. art. 2315. The trial court overruled defendants' exceptions, including, in part, the exception of no cause of action. The trial court overruled the exception "except insofar as the issue of immunity was raised," stating "this court will take said exception of no cause of action under advisement and arrive at a ruling after a trial on the merits thereof."
On review after a grant of certiorari, we found that the trial court had not ruled on the issue of immunity, and remanded the case for a decision on the peremptory exception raising the objection of no cause of action. Lambert v. Riverboat Gaming Enforcement Division, Office of State Police, Department of Public Safety, State of Louisiana, 95-0872, p. 3 (La.App. 1st Cir. 12/15/95); 665 So.2d 180, 181-182.
On remand, the district court found that Lt. Poullard enjoyed qualified immunity, but nonetheless overruled the exception of no cause of action filed on behalf of the defendants. This ruling by the district court, after our previous grant of certiorari and remand of the matter, prompted defendants to again seek review. Accordingly, this matter is again before us on a grant of defendants' application for supervisory writs.
In support of their application, defendants contend that the trial court erred: (1) in ruling that defendants had established the qualified immunity defense, yet failing to grant their exception of no cause of action and dismissal of plaintiffs' 42 U.S.C. § 1983 and Civil Code article 2315 claims; (2) in implicitly ruling that defendants do not enjoy absolute immunity; and (3) in implicitly ruling that the discretionary acts defense set forth in LSA-R.S. 9:2798.1 does not defeat plaintiffs' Civil Code article 2315 claim for damages.

NO CAUSE OF ACTION
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition and is triable solely on the face of the petition. Woodland Ridge Association v. Cangelosi, 94-2604, p. 3 (La.App. 1st Cir. 10/6/95); 671 So.2d 508, 510. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Any doubts are resolved in favor of the sufficiency of the petition. Woodland Ridge Association, 94-2604 at pp. 3-4; 671 So.2d at 510.
The petition must set forth material facts upon which the cause of action is based. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. LSA-C.C.P. art. 891; Kyle v. Civil Service Commission, 588 So.2d 1154, 1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992).
When an exception of no cause of action is based on an affirmative defense, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. Owens v. Martin, 449 So.2d 448, 452 (La.1984); Kyle, 588 So.2d at 1159.
For purposes of our discussion, we separately address plaintiffs' claims and defendants' related defenses.

THE § 1983 CLAIM AND RELATED DEFENSES OF ABSOLUTE AND QUALIFIED IMMUNITY
Title 42, § 1983 of the United States Code provides, in pertinent part, as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....
Recovery under § 1983 requires a plaintiff to allege and prove two essential elements: (1) that the defendant's conduct occurred under color of state law, and (2) that defendant's *176 conduct deprived plaintiff of a right, privilege or immunity secured by the Constitution or a law of the United States. Moresi v. State, Department of Wildlife and Fisheries, 567 So.2d 1081, 1084 (La.1990).
However, when an official performs a function integral to the judicial process or a traditional legislative function, the official is absolutely from § 1983 liability for acts performed in those capacities. Moresi, 567 So.2d at 1084.
Additionally, a qualified immunity generally applies to most acts of government officials. Moresi, 567 So.2d at 1084. In Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the United States Supreme Court articulated a new objective standard with regard to the qualified immunity defense, stating that government officials performing discretionary functions generally are shielded from liability for civil damages, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.
Defendants argue that even though modern qualified immunity jurisprudence often refers to the threshold determination of qualified immunity via a motion for summary judgment rather than through an exception of no cause of action, their plea of qualified immunity herein raises purely legal issues which they argue can be reviewed on the pleadings alone. Plaintiffs, on the other hand, contend that the question of qualified immunity should not be decided on the pleadings, but is more properly asserted through a motion for summary judgment as suggested in Harlow, 457 U.S. at 818, 102 S.Ct. at 2739.
The Supreme Court in Harlow expressed its belief that the new qualified immunity standard would permit "the resolution of many claims on summary judgment" and that, toward that end, "discovery should not be allowed" until resolution of the threshold question of the application of an immunity defense. Harlow, 457 U.S. at 818, 102 S.Ct. at 2739. However, in Kyle, this court went further and stated that the purposes of the immunity defense would be "effectively eviscerated" if a plaintiff were allowed to state a cause of action by merely asserting vague, broadly worded complaints, unsupported by material facts. Thus, this court reviewed the pleadings in Kyle in determining whether the plaintiff therein had stated a cause of action under 42 U.S.C. § 1983 not subject to the defense of immunity. Accordingly, in Kyle, this court examined the pleadings to determine whether the plaintiff had set forth material facts therein which, if taken as true, showed that defendants had violated a clearly established right of which a reasonable person would have known, and for which the defense of qualified immunity would not apply. Kyle, 588 So.2d at 1160. As we recognized in Kyle, absent sufficiently pleaded facts, the defendant would be entitled to dismissal on an exception of no cause of action. Kyle, 588 So.2d at 1160. Thus, we find no merit in plaintiffs' argument that the question of qualified immunity should only be resolved in the context of review of summary judgments.[2]
Turning to the pleadings filed herein, plaintiffs allege that defendants were acting under color of state law, for purposes of the § 1983 action, in: canceling Lady Luck's original scheduled hearing on its application for a gaming license under a uniform evaluation process; arbitrarily delaying the hearing so that it could be scheduled at the same time as the hearing on the other two (ultimately successful) applications; and denying a license to Lady Luck on the basis of the "ranking scheme" which defendants utilized at the hearing as opposed to the uniform evaluation process which had been used when defendants considered the other thirteen gaming license applications. Plaintiffs further allege that the "ranking scheme" was a *177 violation of the equal protection guarantees of the Louisiana and United States constitutions.
Plaintiffs also allege the defendants improperly granted LCC a gaming license despite finding that LCC was a disqualified applicant. Thus, plaintiffs allege, while Lady Luck was determined to be a suitable license applicant, it was nonetheless improperly denied a gaming license on the grounds "that all fifteen licenses ... have been issued." Plaintiffs also set forth with particularity the manner in which specific statutes were allegedly violated by the defendants, which include allegations of acts by defendants in violation of LSA-R.S. 4:530 and 4:536(3) and (4) in awarding a license or permit to LCC despite finding that violations had occurred which rendered LCC unsuitable to hold a gaming license.
Thus, unlike the plaintiff in Kyle, 588 So.2d at 1161, who merely made a conclusory allegation of retaliatory action, we conclude that plaintiffs herein have alleged sufficient facts to assert that defendants violated a clearly established right of which a reasonable person would have known and, therefore, have stated a cause of action. We therefore find that the pleadings set forth sufficient facts to survive the exception of no cause of action founded on qualified immunity as claimed by Lt. Poulard. Thus, while we disagree with the trial court's view of the pleadings with respect to the defense of qualified immunity, we find no error in the trial court's denial of the exception on this basis.
Moreover, we find nothing in our review of plaintiffs' petitions herein which disclose on the face thereof the affirmative defense of absolute immunity to plaintiffs' § 1983 claim. See Dickerson v. Kemp, 540 So.2d 467, 469 (La.App. 1st Cir.1989). Thus, the exception of no cause of action was properly denied.

THE ART. 2315 CLAIM AND THE DISCRETIONARY ACTS DEFENSE
Defendants further argue that in addition to being shielded from liability by absolute and qualified immunity, they are also shielded from tort liability under LSA-C.C. art. 2315 by the discretionary acts defense provided by LSA-R.S. 9:2798.1(B).
Louisiana Revised Statute 9:2798.1(B) grants public entities qualified immunity from liability "based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts." The Louisiana Supreme Court, relying on Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), has devised a two-step test which courts employ to determine whether the discretionary function exception applies. First, if a statute, regulation or policy prescribes a particular course of action, there is no choice or discretion involved, and the defense does not apply. However, when acts of government employees involve an element of choice, they are protected by the discretionary acts defense if the choices are grounded in social, economic or political policy. Simeon v. Doe, 618 So.2d 848, 852-853 (La.1993).
Initially, we note that plaintiffs herein allege certain acts of misconduct by defendants which plaintiffs contend are violative of a prescribed course of conduct outlined in the Louisiana Riverboat Economic Development and Gaming Control Act, LSA-R.S. 27:41 et seq., formerly LSA-R.S. 4:501 et seq. Specifically, the alleged acts of misconduct set forth by plaintiffs include: violations of former LSA-R.S. 4:518(9) (now LSA-R.S. 27:58(9)), which provides that the Division shall ensure that licenses or permits are not issued or held by a disqualified person and that there is no material involvement with a licensee by a disqualified person; and violation of former LSA-R.S. 4:536 (now LSA-R.S. 27:76), which provides that the Division shall not award a license or permit to any disqualified person. Inasmuch as these statutes are couched in mandatory language, these statutes do not provide for any discretion; thus, the discretionary acts defense is inapplicable. See Tenhaaf v. Quenqui, 571 So.2d 898, 899 (La.App. 5th Cir.1990).
Additionally, even if certain of the alleged acts of misconduct, such as defendants' failure to conduct individual hearings for each applicant and utilization of a "ranking scheme" are discretionary acts and decisions as claimed by the defendants, we are *178 unable to determine through the exception of no cause of action whether the defense will apply herein. Even where discretion is involved, the court must determine whether the discretionary act is the kind which is "grounded in social, economic or political policy," Russell v. Guillory, 617 So.2d 213, 215 (La.App. 3rd Cir.1993), a question of fact to be determined through a trial. Gary v. Meche, 577 So.2d 833, 835 (La.App. 3rd Cir.), writ denied, 581 So.2d 692 (La.1991); see Chaney v. National Railroad Passenger Corporation, 583 So.2d 926, 930 (La.App. 1st Cir.1991); see also Verdun v. State, Department of Health & Human Resources, 559 So.2d 877, 879 (La.App. 4th Cir.1990).

CONCLUSION
For the above and foregoing reasons, we conclude that plaintiffs have stated a cause of action pursuant to 42 U.S.C. § 1983 and LSA-C.C. art. 2315 and, accordingly, defendants are not entitled to dismissal through their exception of no cause of action. The writ of certiorari and review previously granted herein is hereby recalled; and the judgment of the trial court, denying defendants' exception of no cause of action is affirmed. The matter is remanded for further proceedings.
WRIT OF CERTIORARI RECALLED; JUDGMENT OF THE TRIAL COURT AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] We note that the transcript of the trial court's ruling shows the date as August 8, 1995. However, the trial court's ruling was subsequent to our remand in this matter (in December, 1995). Thus, as the minutes reflect, the actual date of the ruling at issue was August 8, 1996.
[2] As discussed above, this court has considered, in the procedural context of an exception of no cause of action, whether a petition sets forth sufficient material facts to survive the defense of qualified immunity to a § 1983 claim. Kyle, 588 So.2d at 1160. However, the focus is on the sufficiency of the allegations set forth in the petition, and we recognize that the overruling of an exception of no cause of action is not a definitive ruling that the affirmative defense is inapplicable under the facts to be established in the case. See Blanchard v. State, Parks and Recreation Commission, 96-0053, p. 3 (La.5/21/96); 673 So.2d 1000, 1002.