916 So.2d 238 (2005)
George VINCENT
v.
Corbe MILLIGAN, Dr. Harper, Defendant Doe and State of Louisiana Through Board of Supervisors of Louisiana State University and Agriculture and Mechanical College, Health Care Services Division and Health Science Center  Earl K. Long Regional Medical Center
No. 2004 CA 1207.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*240 Karl J. Koch, Baton Rouge, Counsel for Plaintiff/Appellant George Vincent.
Charles E. Foti, Jr. Marjorie G. O'Connor, Baton Rouge, Counsel for Defendant/Appellee Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
Before: CARTER, C.J., PETTIGREW and McDONALD, JJ.
McDONALD, J.
In this suit for damages for emotional distress, one of the defendants, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Health Care Services Division of the Louisiana State University Health Services Center-Earl K. Long Regional Medical Center (the state), filed a peremptory exception raising the objection of no cause of action based on a claim of statutory immunity. The trial court granted the exception and dismissed the suit against the state. The plaintiff appealed. We affirm in part, reverse in part, and remand.

PROCEDURAL BACKGROUND AND FACTS
On November 18, 2003, Mr. George Vincent filed suit for damages against the state, and individually against Dr. Corbe Milligan, a "Dr. Harper," and an unnamed defendant identified as "Doe." The petition requested service on the state and Dr. Milligan, but directed that all other service be held.
According to the petition, the individual defendants worked at Earl K. Long Regional Medical Center. On June 21, 2003, Mr. Vincent brought his minor daughter to the medical center's emergency room, where she was examined by Dr. Milligan, a medical center physician. A urine specimen was taken for testing. Allegedly, Doe, also a state employee, incorrectly identified bacteria in the urine as "nonmotile sperm cells." That finding was reported to and confirmed by Dr. Harper. Subsequently, Dr. Milligan also confirmed the finding and made a report of suspected child abuse to the police and office of community services in the city of Baton Rouge. The petition further stated that a police investigation ensued and word of the alleged abuse spread throughout the community. Mr. Vincent asked for damages for emotional distress caused by the actions of the defendants.
The state filed a peremptory exception raising the objection of no cause of action. See La. C.C.P. art. 927 A(4). The state argued that the defendants were immune from suit under Louisiana Children's Code article 611, which grants statutory immunity to those who in good faith report suspected child abuse or neglect. The trial court agreed. By a judgment signed on April 2, 2004, the trial court granted the state's exception of no cause of action and dismissed the suit against it. Plaintiff, Mr. Vincent, appealed.
Mr. Vincent asserts two assignments of error. First, he complains of the trial court's failure to deny immunity to Dr. Harper and Doe, who allegedly performed negligent testing, but did not directly report the abuse. Second, Mr. Vincent notes that he did not allege that the defendants acted in "good faith." From these assertions, he argues that the requirements of *241 article 611, a good faith report made to the proper authorities, were not met. Thus, immunity for the defendants cannot be found on the face of the petition. In his brief, Mr. Vincent argues that he stated a cause of action against the state based on the alleged acts of its employees, and the trial court erred in dismissing the state from the suit.
Contrarily, the state argues that all three individual defendants contributed to the report of suspected abuse finally made by Dr. Milligan to the authorities. Thus, the state asserts that statutory immunity applies to all the defendants. In answer to the argument that the petition lacks the requisite allegation of good faith, the state cites Dugas v. Talley, 109 So.2d 300 (La.App. 1st Cir.1959), a fraudulent transfer of property case. In Dugas, this court held that good faith is always presumed and the plaintiff has the burden to allege defendants acted in bad faith. Dugas, 109 So.2d at 302.

APPLICABLE LEGAL PRECEPTS
An exception of no cause of action is used to test the legal sufficiency of a petition. No evidence may be introduced on an exception of no cause of action, and the petition's well-pleaded allegations of facts are accepted as true. La. C.C.P. art. 931; Jackson v. State, Dept. of Corrections, 2000-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806. Failure to state a cause of action in the petition may be recognized by a court on its own motion. La. C.C.P. art. 927 B. However, if the grounds for the objection can be removed by amending the petition, the court "shall order such amendment . . . ." La. C.C.P. art. 934. Any doubts are to be resolved in favor of the sufficiency of the petition. Lambert v. Riverboat Gaming Enforcement Division, 96-1856, p. 4 (La.App. 1st Cir.12/29/97), 706 So.2d 172, 175, writ denied, 98-0297 (La.3/20/98), 715 So.2d 1221. On appeal, the appellate court reviews the petition to determine whether the plaintiff is legally entitled to the relief sought based on the accepted facts. This review of a question of law is made de novo. Jackson, 2000-2882 at pp. 3-4, 785 So.2d at 806.
Certain classes of individuals, including health practitioners, are mandated by statute to report reasonably suspected child abuse or neglect to the proper authorities. See La. Ch.C. arts. 603(13) & 609-610. Louisiana Children's Code article 611 A(1)(a) provides statutory immunity for a "[p]erson who in good faith makes a report, cooperates in any investigation arising as a result of such report, or participates in judicial proceedings authorized under the provisions of this Chapter." Although questions underlying claims of immunity are often better suited to motions for summary judgment, which allow for the presentation of evidence, the legal issue of whether immunity is applicable may be raised and reviewed through an exception of no cause of action. Lambert, 96-1856 at pp. 6-7 & n. 2, 706 So.2d at 176 & n. 2; see Jackson, 2000-2882 at pp. 7-10, 785 So.2d at 808-10; Talbert v. Louisiana State Board of Nursing, XXXX-XXXX, pp. 3-4 (La.App. 1st Cir.12/31/03), 868 So.2d 729, 730-31.

STATE IMMUNITY
Resolution of the state's direct claim of immunity is not dependent on the acts, or presence, of its alleged employees. Louisiana Children's Code article 611, contained in Title VI, "CHILD IN NEED OF CARE," confers immunity on a "person" who makes a good faith report of suspected abuse. Article 603, which provides definitions for the terms relevant to Title VI, specifically defines "person" as "any individual, partnership, association, agency, or *242 corporation, and specifically shall include city, parish, or state law enforcement agencies, and a parish or city school board or a person employed by a parish or city school board." La. Ch.C. art. 603(16). While we note that the word "agency" is used in article 603, it appears within a list of common types of business organizations, for example, corporations. Thus, we do not find that the legislature's use of the word "agency" was meant to confer immunity on all political subdivisions of this state, or so-called state agencies. Along with the general reference to "agency," the legislature could have easily chosen to include the phrase "any state agency," but it did not. Further support for a limited interpretation of "agency" is provided by the legislature's explanation concerning "law enforcement agencies." From the legislature's perceived need to make such a specific reference, it is reasonable to conclude that "agency" does not automatically include all arms of the state. For these reasons, we find that the state defendant at issue here has no independent claim to the statutory immunity afforded by that article. See Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 18-19 (La.7/5/94), 639 So.2d 730, 745-46; Kyle v. Civil Service Commission, 588 So.2d 1154, 1159 n. 5 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992); Hawkins v. State, Department of Health and Human Resources, 543 So.2d 1052, 1057 (La.App. 4th Cir.1989). The state, however, may have incurred liability vicariously for the acts of its employees. See La. C.C. art. 2320.

CAUSES OF ACTION BASED ON ACTS OF STATE EMPLOYEES
The factual allegations related in Mr. Vincent's petition clearly state one cause of action and may have been intended to state a second. The first is based on the Milligan report of abuse; the second on the negligent testing or identification made by Doe, and possibly by Drs. Harper and Milligan.[1]
Initially, we find that good faith is presumed and the plaintiff has the burden to allege the facts needed to defeat statutory immunity. Lambert, 96-1856 at pp. 5-8, 706 So.2d at 175-77; Kyle v. Civil Service Commission, 588 So.2d at 1158-60; Corley v. Village of Florien, 2004-853 (La.App. 3rd Cir.12/8/04), 889 So.2d 364; see Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 18-22 (La.7/5/94), 639 So.2d 730, 745-47;
While the arguments on whether immunity is conferred on persons in the chain of reporting are also intriguing, discussion of that issue is not necessary in this case. Instead, we find that only Dr. Milligan actually reported the suspected abuse, and thus, under the particular facts here, only Dr. Milligan could be liable for any damages resulting from the community's knowledge of that report of abuse. Neither Doe nor Dr. Harper disseminated the information to the police or the community.
However, on the face of the petition, Dr. Milligan is protected by the immunity granted by Louisiana Children's Code article 611. He was a health care practitioner who made a good faith report of suspected child abuse based on a lab test showing the presence of sperm cells in a child's urine. Thus, Mr. Vincent's petition fails to state a cause of action for damage from the mandatory report made by Dr. Milligan. In the absence of liability on the part of the state's employees, the state is not vicariously liable. See Smith *243 v. Our Lady of the Lake Hospital, 96-1837 (La.9/27/96), 680 So.2d 1163, 1164 (per curiam); Kyser v. Metro Ambulance, Inc., 33,600, pp. 4-8 (La.App. 2nd Cir.6/21/00), 764 So.2d 215, 218-220, writ denied, 2000-2212 (La.10/27/00), 772 So.2d 650. Having found no cause of action has been stated for damages arising from the formal report, we affirm, in part, the grant of the exception of no cause of action. However, we find that Mr. Vincent should be afforded an opportunity to amend his petition to remove the grounds for the exception, if he can, by alleging specific facts that would support a claim that Dr. Milligan made the report in bad faith.
The potential second cause of action arises from Mr. Vincent's allegation that he was directly harmed by the negligent identification of the material in his daughter's urine as sperm cells. Such a cause of action is unaffected by statutory immunity triggered by the separate act of an actual report of abuse or neglect to the appropriate authorities. However, Mr. Vincent failed to allege additional key elements; for example, whether the results of the test were made known to him before the Milligan report of abuse to the authorities, and how any damages differed from the harm attributed to the report of abuse. If Mr. Vincent can prove that he suffered actionable emotional distress from an earlier, direct report made to him, that action would be separate from the later Milligan report. See Barrino v. East Baton Rouge Parish School Board, 96-1824, p. 13 (La.App. 1st Cir.6/20/97), 697 So.2d 27, 34 (damages limited to serious mental distress arising from special circumstances); Hand v. Hand, 99-2420, p. 4 (La.App. 1st Cir.12/20/02), 834 So.2d 619, 622, writ denied, XXXX-XXXX (La.5/2/03), 842 So.2d 1103 (where separate causes of action are pled, one may be reserved even though another has been dismissed). Because the petition has articulable potential for a second, separate cause of action, and the defect may be removed by amending the petition, the trial court shall allow Mr. Vincent the opportunity to amend his petition. See La. C.C.P. art. 934. Any doubts are to be resolved in favor of the sufficiency of the petition. Lambert, 96-1856 at p. 4, 706 So.2d at 175. If any of the state's employees are found liable under a second cause of action, for which there is no immunity, the state may be liable as well. La. C.C. art. 2320.
For these reasons, we reverse the complete dismissal of the state, we affirm the grant of the exception of no cause of action based on the Milligan report, and remand for further proceedings consistent with this opinion. The costs of $375.73 are assessed equally to Mr. Vincent and to defendant, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Health Care Services Division of the Louisiana State University Health Services Center-Earl K. Long Regional Medical Center.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The petition alleges confirmation by the physicians. It is not clear whether the confirmation was mere acceptance of Doe's test results or involved independent analysis of their own.