NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-107

AIR SUPPLY, INC., ET AL.

VERSUS

MICHAEL M. WAHLDER, ET AL.

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 19,080
HONORABLE W. PEYTON CUNNINGHAM, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

Ezell, J., dissents and assigns written reasons.

AFFIRMED.

William M. Ford
Susan Ford Fiser
P. O. Box 12424
Alexandria, LA 71315-2424
(318) 442-8899
Counsel for Defendant/Appellee:
    Michael M. Wahlder

**Edward E. Rundell**
**Heather M. Mathews**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendants/Appellees:**
 **Nolan Johnson**
 **TRC Engineers, Inc.**

**Joseph B. Stamey**
**Erika F. Cedars**
**Stamey & Miller, LLC**
**P. O. Drawer 1288**
**Natchitoches, LA 71458**
**(318) 352-4559**
**Counsel for Defendant/Appellee:**
 **Sheila Girlinghouse**

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm, P.L.C.**
**P.O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**Counsel for Defendants/Appellees:**
 **Wayne Nugent**
 **Sharon Fisher**
 **Lisa Butchey**
 **Sherry Hardwick**

**W. Alan Pesnell**
**The Pesnell Law Firm**
**(A Professional Law Corporation)**
**P. O. Box 1794**
**Shreveport, LA 71166-1794**
**(318) 226-5577**
**Counsel for Plaintiffs/Appellants:**
 **Air Supply, Inc.**
 **Raphael Luneau**

**DECUIR, Judge.**

Plaintiffs, Air Supply, Inc. and Raphael Luneau, seek review of the trial court's judgment of July 17, 2008, wherein the court granted exceptions of no cause of action in favor of defendants, Wayne Nugent, Mayor of the Village of Creola (Mayor), Sharon Fisher, Lisa Butchey, Sherry Hardwick, Aldermen of the Village of Creola (Aldermen), Sheila Girlinghouse, Clerk for the Village of Creola (Clerk), Michael Wahlder, TRC Engineers, Inc. (TRC), and Nolan Johnson. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Michael Wahlder owns a convenience store and restaurant in the Village of Creola. Air Supply, Inc., owned by Ralph Luneau, operates a mobile home park adjacent to Wahlder's property. Some time ago, Wahlder donated land for the Village's sewer treatment ponds. Wahlder and Air Supply sought to have additional acreage annexed by the Village for expansion of their respective operations. After some research into sewer capacity, conducted in part by TRC and its employee, Nolan Johnson, the Village annexed the Wahlder property but never took action on Air Supply's petition for annexation. Air Supply, Inc. and Luneau filed suit against the defendants named above.

Through their original and three amending and supplementing petitions, plaintiffs challenge: the Mayor and Aldermen's actions in failing to annex the plaintiffs' land and in denying access to the Village sewer system. In their pleadings, plaintiffs assert that defendants' actions violated plaintiffs' rights under the Louisiana Constitution, the United States Constitution, and 42 U.S.C. § 1983. Plaintiffs allege that Wahlder, TRC, and Johnson conspired with the Mayor, Clerk, and Aldermen to

deny them due process and to interfere with a contract for sale of the plaintiffs' property and to breach Wahlder's contract of sale to Air Supply.

In response, the Mayor, Clerk, and Aldermen filed exceptions of no cause of action. In their exceptions, defendants claim that plaintiffs fail to state a cause of action under 42 U.S.C. § 1983, as defendants are entitled to absolute and qualified immunity. As an additional basis for their exceptions, defendants contend they are protected by the discretionary acts defense set forth in La.R.S. 9:2798.1(B) and that, accordingly, plaintiffs are unable to state a cause of action in tort. Wahlder, TRC, and Nolan Johnson also filed exceptions of no cause/no right of action and vagueness, arguing that the plaintiffs failed to state a cause of action for negligence, detrimental reliance, due process violations, or civil conspiracy under § 1983. The district court found that the Mayor, Clerk, and Aldermen enjoyed both absolute and qualified immunity and granted the exceptions of no cause of action filed on behalf of those defendants. In addition, the court granted the exceptions of no cause of action in favor of the remaining defendants noting that no final determination regarding the annexation has been made and that the plaintiffs failed to establish a "unity of purpose" among the defendants. *Mack v. Newton,* 737 F.2d. 1343 (5th Cir. Tex 1984).

## NO CAUSE OF ACTION

In *Fink v. Bryant*, 01-0987 (La. 11/28/01), 801 So.2d 346, 348-349 (citations omitted), the court said:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to

2

support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

In this case, the Mayor, Alderman, and Clerk all base their exceptions of no cause of action on the affirmative defenses of absolute and qualified immunity. Our brethren on the first circuit discussed these issues in *Lambert v. Riverboat Gaming Enforcement Division,* 96-1856, pp. 5-6 (La.App. 1 Cir. 12/29/97), 706 So.2d 172, 175-76, *writ denied*, 98-297 (La. 3/20/98), 715 So.2d 1221, saying:

> Title 42, § 1983 of the United States Code provides, in pertinent part, as follows:

> > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

> Recovery under § 1983 requires a plaintiff to allege and prove two essential elements: (1) that the defendant's conduct occurred under color of state law, and (2) that defendant's conduct deprived plaintiff of a right, privilege or immunity secured by the Constitution or a law of the United States. *Moresi v. State, Department of Wildlife and Fisheries*, 567 So.2d 1081, 1084 (La.1990).

> However, when an official performs a function integral to the judicial process or a traditional legislative function, the official is **absolutely** immune from § 1983 liability for acts performed in those capacities. *Moresi*, 567 So.2d at 1084.

3

Additionally, a **qualified** immunity generally applies to most acts of government officials. *Moresi,* 567 So.2d at 1084. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the United States Supreme Court articulated a new objective standard with regard to the qualified immunity defense, stating that government officials performing discretionary functions generally are shielded from liability for civil damages, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.

Turning to the pleadings filed herein, we must first determine whether the plaintiffs have alleged that the defendants were acting under color of state law. The Mayor, Aldermen, and Clerk are all governmental officials, thus satisfying the first prong of the test. We next must determine whether the petition alleges that the defendants denied plaintiffs a right, privilege, or immunity guaranteed by Constitution or law. Plaintiffs allege that defendants denied Air Supply due process of law by failing to annex its property and/or failing to authorize connection to the sewer system. Plaintiffs cite no authority for the proposition that Air Supply is entitled to annexation of its property or connection to the sewer system.

We conclude that plaintiffs herein have failed to allege sufficient facts to assert that defendants violated a clearly established right of which a reasonable person would have known and, therefore, have failed to state a cause of action under Title 42 § 1983.

Moreover, even if we accept plaintiffs' argument that mere allegation that the defendants' actions constitute a denial of due process is sufficient to maintain a cause of action, we find that the pleadings set forth insufficient facts to survive the exception of no cause of action founded on the affirmative defenses of absolute and/or qualified immunity as claimed by the Mayor, Aldermen, and Clerk.

4

Plaintiffs also argue that the trial court erred in finding that the defendants are also shielded from tort liability by the discretionary acts defense provided by La.R.S. 9:2798.1. Louisiana Revised Statutes 9:2798.1 provides in pertinent part:

> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
>
> C. The provisions of Subsection B of this Section are not applicable:
>
>> (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
>>
>> (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Plaintiffs allege that the defendants improperly granted Wahlder's annexation request due to his influence on them and the community and failed to act on Air Supply's request for the same reason. Plaintiffs allege further that in so doing the defendants intentionally interfered with an alleged contract of sale. However, plaintiffs only make conclusory allegations of actions constituting a conspiracy to deny Air Supply due process of law. We find these allegations insufficient to defeat the discretionary acts defense of the Mayor, Aldermen, and Clerk.

Turning to the remaining defendants, Wahlder, TRC, and Nolan Johnson, we find that the allegations in the plaintiffs' petition, while pointing to detrimental reliance, breach of contract, and interference with contract, and breach of contract are merely allegations that the defendants worked together to prevent Air Supply from getting approval for annexation of its land and connection to the sewer system. The non-governmental defendants responded to these scattershot allegations with

exceptions of no cause/no right of action and vagueness. In reviewing the petition, we conclude that the plaintiffs' petition alleges various causes of action that are actually intended to be factual allegations supporting the alleged civil conspiracy by fraud cause of action. We reach this conclusion because the various allegations lack requisite supporting claims of privity of contract, duty, contractual relationship, or tender. With regard to the conspiracy by fraud allegations, like the trial court, we find the plaintiffs failed to demonstrate the requisite "unity of purpose" among the governmental and non-governmental defendants required to support a cause of action for civil conspiracy under § 1983. Accordingly, we find the plaintiffs' allegations insufficient to state a cause of action against the defendants.

## FAILURE TO ALLOW LEAVE TO AMEND

Plaintiffs contend that the trial court erred in not granting them leave to amend their petition to state a cause of action. We disagree.

In *Eschete v. Hildebrand,* 06-18, p. 6 (La.App. 5 Cir. 4/25/06), 930 So.2d 196, 200, *writ denied*, 06-1291 (La. 9/15/06), 936 So.2d 1269 (footnote omitted), after finding that the defendants had qualified immunity the court said:

> Under La.Code Civ.P. art. 934, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, the action, claim, demand, issue, or theory shall be dismissed. The right to amend a petition is qualified by the restriction that the objection be curable. Where the amendment would be a vain and useless act, such an amendment is not required by LSA-C.C.P. art. 934.

Like our brethren in the fifth circuit, we see no need to allow an amendment in this case where we have found the defendants immune to civil liability.

With regard to the remaining defendants, we find that the plaintiffs have already been granted numerous opportunities to amend their petition to state a cause of action and have failed to do so.  Either they are not acting in good faith or they are incapable of curing the defect.  In either case, the trial court did not err in denying leave to amend plaintiffs' petitions.

The foregoing being dispositive of plaintiffs' claims, we pretermit discussion of the remaining assignments of error.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of these proceedings are taxed to appellants, Air Supply, Inc. and Raphael Luneau.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.

AIR SUPPLY, INC., ET AL.

VERSUS

MICHAEL M. WAHLDER, ET AL.

EZELL, J., dissents.

       This case can be distinguished from *Craig v. Police Jury Grant Parish*, 265 Fed. Appx. 185, 2008 WL 341631 (C.A. 5 (La.)).  The members of the governing body in this case have not taken any action under the color of their position.  The fact that no action in their official capacity gives reason to question the claim of absolute or qualified immunity.

       The other issue raised by the Plaintiff is that all other Defendants in concert with the mayor and aldermen acted to interfere with the Plaintiffs contract and that Plaintiff relied on their actions and promises to its detriment.  The majority, in finding that immunity exist, has not looked at the lack of the Plaintiffs ability to discover the information and actions of the Defendants that would go to the tort action presented in the petition.

       I can find no action taken in this case that is being complained of by the Plaintiff that warrants any immunity for the alderman and mayor.  There certainly is no immunity granted to those Defendants who are not public officials.

       The annexation of the property is of no impact in this matter.  The question is, have the public officials failed to give Plaintiff due process with regard to the granting of sewer capacity and in violating their already made agreement to provide sewer capacity.

       The exception of no cause of action is triable only on the face of the petition and well-pleaded facts must be accepted as true.  We are a fact pleading state and the court, if it finds any cause, must allow the matter to go to trial.  It is clear from the petition that to refuse to annex certain property is not the sole cause of action in the petition.

       It is clear that under La.R.S. 2798.1, Plaintiff has set forth a cause in its petition under this statute.  I would remand the matter to the trial court to allow the Plaintiff to amend and join parties to cure any vagueness  issue and would reverse the exception of no cause of action.

       For the above reasons, I must respectfully disagree with the majority.