| FRANK SCURLOCK | * | NO. 2024-CA-0455 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| KURT HEITMEIER, ROBERT HEITMEIER AND EUSTIS INSURANCE, INC. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

*RLB*

**BELSOME, C. J. DISSENTS WITH REASONS.**

I respectfully disagree with the majority because the actions of the New Orleans Municipal Yacht Harbor Management Corporation ("MYHMC") as alleged are not discretionary in nature and therefore are not entitled to immunity under La. R.S. 9:2798.1(B).

Frank Scurlock ("Scurlock") and Kurt and Robert Heitmeier ("Heitmeiers") own neighboring residences located on property leased from MYHMC. They share a foundation consisting of pilings that are driven into the bed of Lake Pontchartrain. As a lessor, MYHMC owes an affirmative statutory duty to Scurlock, pursuant to La. C. C. art. 2700:

> The lessor warrants the lessee's peaceful possession of the leased thing against any disturbance caused by a person who asserts ownership, or right to possession of, or any other right in the thing.
>
> In a residential lease, this warranty *encompasses a disturbance caused by a person who, with the lessor's consent, has access to the thing or occupies adjacent property belonging to the lessor.*

(emphasis added)

Scurlock's opposition to this motion for summary judgment revealed two questions of fact that may only be decided at trial. A factfinder must decide (1) whether the structure built by Heitmeiers damaged the parties' shared foundation;

and (2) whether MYHMC's failure to prevent Heitmeiers from building the structure breached a duty owed to Scurlock as his lessor.

The engineering report prepared by Contemporary Engineering Services, Inc. and the accompanying affidavit by its president, Michael Cenac, contain evidence that the extra weight added to the Heitmeiers' renovation "compromised the load carrying capacity of the existing shared wooden piles." The report and the affidavit were correctly admitted into evidence by the trial court.

MYHMC failed to stop the non-permitted portion of the Heitmeiers' addition. It is a question of fact for trial to determine whether the duty to stop the damage is discretionary or not. Jurisprudence consistently holds that a statutory duty nullifies immunity for discretionary acts provided by La. R.S. 9:2798.1(B). Our court applied the Supreme Court's two-step analysis of a discretionary act as the term is used in the statute in *Johnson v. Orleans Par. Sch. Bd.,* 2006-1223 (La. App. 4 Cir. 1/30/08), 975 So. 2d 698, 709–10:

> The Louisiana Supreme Court established a two-step test for courts to follow when determining whether the immunity applies. *See Simeon v. Doe,* 618 So.2d 848, 852–53 (La.1993). A court must first determine whether a statute, regulation, or policy requires the governmental agency to follow a particular course of action. If there is such a requirement, then there is no choice or discretion, and the immunity does not apply. If, however, the governmental entity has a choice about whether to undertake the activity, then the entity will be protected by the immunity only if the choice is grounded in "social, economic, or political policy." *Id. The application of this affirmative defense is "a question of fact to be determined through a trial." Lambert v. Riverboat Gaming Enforcement Div.,* 96–1856 (La.App. 1 Cir. 12/29/97), 706 So.2d 172, 178. Once a defendant establishes its conduct involves a matter of choice or discretion that is not the end of the inquiry. A court must also consider whether the conduct in question occurred at the "operational level", or how the entity carried out its policy or decision. The immunity statute does not protect governmental entities against legal fault or negligent conduct at the "operational level", but only confers immunity for policy decisions, that is decisions based on social, economic, or political concerns. *Chaney v. National Railroad Passenger Corp.,* 583 So.2d 926, 929 (La.App. 1 Cir.1991). As such, once a discretionary decision is made, the government entity is not protected from liability for conduct in carrying out the discretionary decision.

(emphasis added)

We review a trial court's summary judgment *de novo*. We are bound by the Supreme Court's and our own circuit's rulings to reverse the summary judgment granted by the trial court. Therefore, I dissent from the majority and would reverse and remand the matter to the trial court.